IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FANY CASTILLO QUINTANA,

                Plaintiff,

   vs.                                           CIVIL NO.  08-1127 BB/LFG

MICHAEL E. ARBOGAST
and TONI McNEILL,

                Defendants.

CITY OF ALBUQUERQUE,

                Intervenor Defendant.

## <u>REPORT AND RECOMMENDATION</u>[1]

THIS MATTER is before the Court pursuant to an Order of Reference [Doc. 48] wherein the trial judge requested that the undersigned magistrate judge review Plaintiff's pending motion for sanctions [Doc. 44], conduct whatever legal analysis is required, and issue a report and recommendation.  Plaintiff Fany Castillo Quintana ("Quintana") requests that the Court enter a "sum certain" damages award against Defendant Michael E. Arbogast ("Arbogast") as a sanction for "the existing default . . ., or alternatively, as damages for a new basis for default under Rule 37 alone."[2]

---

[1]Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.

[2]The pleading's title is not entirely clear.  In the body of the motion, Plaintiff asks for Rule 37 discovery sanctions against Arbogast for "willful failure to respond to discovery" or for a "sum certain" against Arbogast "on the existing default." [Doc. 44, pp. 1, 3.]

Arbogast did not respond to the motion.[3]  Quintana filed a notice that the motion was ready for resolution. [Doc. 47.]

## Procedural Background

On December 3, 2008, Quintana filed a complaint for violations of constitutional deprivations and state law against three defendants, including Arbogast. [Doc. 1.] The summons and complaint were issued.  On December 5, 2008, Quintana's process server sought to effect substitute service on Arbogast by delivering the complaint and summons to a minor at Arbogast's residence. Fed. R. Civ. P. 4(e)(2)(B).  Arbogast's stepson accepted service of the complaint and summons. [Doc. 2, Ex. 1.]  Thus, Arbogast's response to the complaint purportedly was due twenty days after service, or by about December 25, 2008. [Doc. 6.]

On January 8, 2009, Quintana filed a motion for default judgment against Arbogast based on his failure to answer the complaint. [Doc. 2.] Quintana requested entry of default judgment against Arbogast and an evidentiary hearing to determine the amount of Quintana's damages. [Doc. 2, p. 3.] On January 9, 2009, the Clerk filed entry of default as to Arbogast. [Doc. 8.] On March 4, 2009, the Court issued a text-only Order granting Quintana's motion for default judgment against Arbogast and noted a hearing on damages would be set on a later date. [Doc. 12.] Contrary to Plaintiff's references to a "default judgment" in her motion, the Court did not actually enter a separate judgment in favor of Quintana.

---

[3]While generally true that a party's failure to respond to a motion within the time prescribed for doing so constitutes consent to grant the motion, D.N.M. LR-Civ 7.1(b), the Tenth Circuit Court of Appeals advised that a party's failure to respond to a dispositive motion should not, by itself, justify entry of judgment against the non-responding party. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).  Quintana's present request asks that a specific award of monetary damages be entered against Arbogast for his previous discovery failures.  The Court concludes that the better practice in a case where a party is *pro se* is to consider the merits of the motion, rather than grant the motion on procedural grounds.  *See, e.g.,* Persik v. Manpower, Inc., 85 F. App'x 127, 130 (10th Cir. Dec. 31, 2003) (unpublished decision) (when dealing with a *pro se* plaintiff, Tenth Circuit held  it was error to dismiss based solely on the *pro se* plaintiff's failure to respond without also considering the merits of the motion), *cert. denied,* 541 U.S. 1086 (2004).

On March 4, 2009, the Court set a hearing on damages for March 18, 2009.  On March 16, 2009, Arbogast filed a response to the motion for default judgment, (even though the Court had already granted the motion by this time), an accompanying brief, and a "countermotion to dismiss." [Doc. Nos. 15, 16.] In his pleading, Arbogast argued that the December 2008 service of process on his 15-year old stepson, who resides with his biological father at another location and was at Arbogast's residence to be taken to a soccer game, was defective. [Doc. 15, p. 2; Doc. 16.] Thus, because service of process was defective, Arbogast asserts that he was not required to file an answer by December 25, 2008.  More specifically, Arbogast contends that Quintana's "blatant disregard of the requirements of FED. R. CIV. P. 4(e)(2)" requires that her complaint against Arbogast be dismissed. [Doc. 15, p. 3.]

The March 18 evidentiary hearing on damages was not conducted because the Court elected to continue the hearing pending its determination on the City of Albuquerque's ("City") motion to intervene.  [Doc. 19, Court Minutes.]  On March 24, 2009, Quintana filed a response/reply to Arbogast's pleading, arguing that Arbogast's pleading was untimely and that default against him had already been entered. [Doc. 23.] The Court took no further action on the entry of default against Arbogast.  The case proceeded with briefing on the City's motion for intervention, and the Court granted the City's motion to intervene on August 18, 2009. [Doc. 31.] A scheduling order was entered, setting forth discovery deadlines. [Doc. 32.]

On September 21, 2009, Quintana filed a Certificate of Service [Doc. 36], indicating that she served Arbogast, by mail, with interrogatories and document requests.  Arbogast's responses would have been due approximately 30 days after September 21.  However, he did not respond to Quintana's discovery requests, nor did he seek an extension of time to serve responses.  The deadline for serving responses passed, but Quintana did not file a motion to compel the responses

3

in accordance with Rule 37.  Quintana waited until December 29, 2009, approximately two months

or more after Arbogast's deadline to respond, before filing this motion for sanctions seeking an

award of damages against Arbogast in the sum certain of $45,000 as a discovery sanction or as

damages for the default. [Doc. 44.]

## Analysis

### I.    Rule 37(b) Sanctions

The Court first determines that a request for Rule 37(b) sanctions is premature in the absence

of a Court order that Arbogast disobeyed.  In other words, a prior Court order is a prerequisite to the

issuance of Rule 37(b) sanctions.

> The court may not impose sanctions under Rule 37(b) unless it has
> already issued a discovery order with which a party or deponent has
> failed to comply.

 Steven Baicker-McKee, William M. Janssen & John B. Corr Federal Civil Rules Handbook 882

(2010 ed.).  *See* Resolution Trust Corp. v. Thomas, 1995 WL 261693, at *2 (D. Kan. Apr. 11, 1995)

(Rule 37(b) "provides for dismissal or sanctions when a party fails to comply with a court order.

Absence of a court order precludes sanctions under Rule 37.") *(citing* Wright & Miller, 8A Federal

Practice and Procedure 2d, § 2282 (1994)).  *See also* Wheeler Peak, LLC v. L.C.I.2, Inc., __ F.

Supp. 2d ___, 2009 WL 1329020, at *5 (D.N.M. Apr. 14, 2009) ("Going straight to the penalties,

without first having a motion to compel and an order, skips over a key step in the discovery

process.")

Quintana did not seek nor did the Court issue an order requiring Arbogast to respond to the

discovery requests.  The Court did not earlier advise Arbogast that failure to abide by a court order

could result in sanctions under Rule 37.  *See* Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)

(in considering extreme sanction of dismissal, court considers whether advance warning was

4

provided to the party).  The Court determines that the requested sanctions are not appropriate under Rule 37(b), and recommends that the motion for sanctions be denied because Quintana failed to comply with the requirements of Rule 37(b).

## II.    Entry of Default

Quintana claims that negotiations ended, discovery is over, and the case is at a standstill because the City refuses to represent Arbogast.  Quintana further argues that "[w]here a default judgment is already in place, except as to the 'sum certain,' . . . the only effective sanction is to award damages." [Doc. 44, p. 5.] The Court again observes that Default Judgment has not been entered.  Rather, an entry of default was filed.  Quintana contends that there is no reason to conduct a damages hearing, "since testimony would likely lead to a larger award," than that requested by Quintana in her motion. [Doc. 44, p. 2.]

Quintana is in error.  Even if a default was entered on liability, a defaulting party is entitled to hearing on damages.  Gallegos v. Franklin, 89 N.M. 118, 123 (Ct. App.) ("The rule is uniform . . ., that upon assessment of damages following entry of default, the defaulting defendant has the right to cross-examine plaintiff's witnesses and to introduce affirmative testimony on his own behalf in mitigation of damages."), *cert. denied,* 89 N.M. 206 (1976).  Thus, a damages hearing would be required, notwithstanding the entry of default on liability.

The Court liberally construes Arbogast's *pro se* "response" to the motion for default judgment and "countermotion" to the motion to dismiss [Doc. Nos. 15, 16] as a motion for relief under Rule 55(c), *i.e.,* a request to set aside the entry of default.  Rule 55 allows a court to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c).  Typically, the Court applies a liberal standard for setting aside an entry of default, determining "good cause" by considering a number of factors, including whether the default resulted from culpable conduct of the defaulting party,

whether the party awarded default would be prejudiced if it was set aside, and whether the defaulting

party presented a meritorious defense.  Jackson v. Mail Contractors of America, Inc., ___ F. Supp.

2d ___, 2009 WL 723575, at *1 (D. Kan. Mar. 19, 2009).

> Rule 55(c) authorizes the district courts, "for good cause", to set
> aside the entry of a default.  Not susceptible to a precise definition,
> "good cause" has been labeled a liberal and "mutable" standard, one
> that varies from situation to situation.  It is a standard applied
> generously, and more liberally where only a default has been entered
> (with no accompanying default judgment).  Ergo, entries of default
> are often set aside.  The requisite "good cause", however, is not
> "good cause" for the defendant's mistake, but rather "good cause"
> justifying the court's decision to set the default aside.

Baicker-McKee, *et al.*, Federal Civil Rules Handbook 1052 (internal citations omitted).  In addition,

the Court also observes that default judgment is a harsh sanction and is disfavored by the courts,

which prefer to resolve disputes on the merits.  Ruplinger v. Rains (In re Rains), 946 F.2d 731, 732-

33 (10th Cir. 1991); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir.1970).  The preferred

disposition of any case is on the merits, rather than by default.  Gomes, 402 F.2d at 1366.

Here, Arbogast's explanation for his failure to respond to the complaint is that service of

process was defective and violative of Rule 4(e)(2) because Arbogast was not served personally.

[Doc. 15, p. 1.] In addition, he claims that service of process on his 15-year old stepson was

deficient under Rule 4(e)(2).

The Court rejects Arbogast's argument that Quintana was required to serve him personally.

Rule 4(e) clearly allows for substitute service.  However, the question under these circumstances

is whether Quintana's attempted substitute service on Arbogast's 15-year old stepson was sufficient,

in view of the stepson's age and the fact that the stepson lives, part of the time, with both his

biological father and Arbogast.

The Federal Rules of Civil Procedure do not permit a minor to be served at all as an individual (target).  Rule 4(e) provides that "an individual — ***other than a minor*** — may be served by leaving a copy of the complaint and summons at the individual's dwelling, etc.  Fed. R. Civ. P. 4(e) (emphasis added).  Thus, it is questionable to find a minor could receive service on another's behalf when he himself could not receive service individually.

The Federal Rules of Civil Procedure do not define who is considered a person of "suitable age and discretion" for purposes of service.  The inquiry of who is deemed to be of "suitable age and discretion" to accept service of process, is a fact-specific determination.  *See* <u>Boyle Auto Wreckers, Inc. v. Ali</u>, 8 Misc.3d 1030(A), 2005 WL 2043961, at *2 (N.Y.City Civ. Ct., Jul. 7, 2005) (unpublished) ("Whether the recipient qualifies to be deemed a person of suitable age and discretion is a fact-specific inquiry.").  Our own circuit has not answered this question.  There are one or two cases from elsewhere that have upheld substitute service on minors, *see, e.g.,* <u>United Servs. Ass'n v. Barger</u>, 910 F.2d 321, 324 (6th Cir. 1990) (holding that target's 13-year-old son was of suitable age and discretion to effect service); <u>Perkins v. Johnson</u>, 2008 WL 275768, at *3-4 (D. Colo. Jan. 29, 2008) (unpublished) (service on target's 13-year old daughter was sufficient), but those cases are neither persuasive nor controlling.  *See also* <u>Azuma N.V. v. Sinks</u>, 646 F. Supp. 122 (S.D.N.Y. 1986) (service on an 18-year old son at residence was effective service); <u>Blue Cross & Blue Shield of Michigan v. Chang</u>, 109 F.R.D. 669 (E.D. Mich. 1986) (service on defendant's 17-year old son at  defendant's residence was effective service).

Because courts prefer to determine cases on the merits rather than by default and because the federal rules do not define the terms "suitable age and discretion," the Court invokes its discretion in determining that service on a 15-year old, who may or may not have been residing at Arbogast's dwelling at the time of service, is not sufficient to perfect service on Arbogast.  In

support of this finding, the Court observes the similar rule of civil procedure under New Mexico state law that specifies the individual accepting service at the target's usual place of abode be ***more than*** 15 years of age.  Rule 1-004(F)(2).  Thus, even under New Mexico's more liberal service of process rules, it does not appear that service was proper as the minor was not more than 15 years of age.

## Recommendations

Failure to properly serve a defendant can be grounds for setting aside a default judgment. Thus, the Court recommends finding good cause sufficient to set aside the entry of default under Rule 55(c).  *See* Petersen v. Carbon County, 156 F.3d 1244 (Table), 1998 WL 458555, *4 (10th Cir. Aug. 6, 1998) (unpublished) ("As defendants have no duty to plead until properly served, entry of default prior to service is improper."); Faughn v. Rapps, 1990 WL 199398 (D. Kan. Nov. 13,1990) (unpublished); O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353-55 (6th Cir. 2003). The Court must have personal jurisdiction over the defendant in order to enter default.  Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp., 115 F.3d 767, 771-72 (10th Cir. 1997).

Because more than 120 have elapsed since filing of the Complaint without perfecting service, the case against Arbogast could be dismissed for non-compliance with the time limits under Fed. R. Civ. P. 4(m).  However, the Court determines that a dismissal would cause a hardship, as Quintana, in good faith, believed that proper service was effected.  Accordingly, the undersigned Magistrate Judge recommends that the Court not dismiss the case, but, instead, allow Quintana 45 days within which to properly effect service on Arbogast and file appropriate proofs of service with the Court.  Failure to properly effect service on Arbogast could result in a dismissal of the claims against Arbogast, without prejudice.

For all of the above-explained reasons, the Magistrate Judges further recommends that the motion for sanctions  [Doc. 44] be denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge